## 25032. JOHNSON *v.* METROPOLITAN LIFE INSURANCE COMPANY.

DECIDED FEBRUARY 25, 1936. REHEARING DENIED FEBRUARY 29, 1936.

*Feagin & Feagin, Julian F. Urquhart,* for plaintiff.
*Jones, Johnston, Russell & Sparks,* for defendant.

JENKINS, P. J. The issue in this case is whether insurance coverage under the group policy terminated on December 6, 1933, or extended beyond that date to the date of the death of Robert L. Johnson, one of the persons included in the policy, which oc-

curred on December 22, 1933. Premium payments were made monthly up to December 6, 1933, the last premium having been paid in advance in November for the period from November 6 to December 6. The evidence in this connection discloses that the policy came up for renewal in December, 1933. At that time the insurance company determined upon a new and higher schedule of monthly premiums. The rate at age 15 was increased from $.72 to $1.32. At age 64 it was increased from $3.73 to $4.33. Corresponding increases were made at all ages. Under the terms of the group policy, the employer had the option to renew the policy at these increased rates, but decided not to do so. The matter was discussed with the agent of the insurance company some time prior to December 6. The company sought to prevail on the employer to continue the policy in force. On December 4 the employer wrote to the insurance company its final decision not to renew, as follows: "We regret to advise that we have decided that we will no longer continue the group insurance with your good company; and this will serve as notice to discontinue same. We take this opportunity of thanking you for the splendid and unstinting service you and your office have rendered during the time we have had this insurance with you." The insurance company acknowledged receipt of this letter, and on December 14, wrote from its home office to the employer: "While we regret your decision, we nevertheless are arranging to cancel policies . . effective as of midnight, December 5, 1933, the date to which premiums have been paid." The question is: was the insurance continued in force for thirty-one days after December 6, 1933, by operation of the "grace-period clause" contained in the policy? If so, the plaintiff was entitled to recover; if not, he was not entitled to recover.

The certificate recites that the amount of insurance in force thereunder will be paid to the beneficiary, "if death occur . . while said group policy is in force." It recites that Robert L. Johnson is insured for $1000 "under and subject to the terms and conditions of group policy No. 4146G." The group policy provides: "This shall be for the term of one year from the date of issue of this policy, as set forth below (December 6, 1928), or for the term of one year from the date of any renewal hereof, and subject to all of the terms and conditions hereinafter set forth."

Premiums were to be paid monthly "by the employer to the company." A certain limited percentage of the premiums was permitted to be and was contributed by the employee to the *employer*. The privilege of renewal is contained in section 4 of the "Provisions and Benefits," which reads: "The employer may, on due notice to the company at each succeeding anniversary hereof, renew this policy for the term of one year, provided renewal is not declined by virtue of the provisions of section 1(b) above, such renewal being conditioned upon the payment of the premiums then due as computed in the manner above set forth, based upon such schedule of monthly premiums as may then be determined by the company." Section 1(b), just referred to, reads: "The company reserves the right to decline to renew this policy on any anniversary when the number of employees insured hereunder is less than seventy-five per cent., of those eligible for insurance at such anniversary." The policy provided in paragraph 3 of the "Provisions and Benefits:" "A grace of thirty-one days without interest charge will be granted to the employer for the payment of every premum after the first, during which period the insurance shall continue in force." The insurance company contended that the policy automatically expired, subject to renewal and in the absence of renewal, on each anniversary date; and that the grace clause could not operate to keep the policy in force beyond such anniversary date; and that, so far as this particular policy is concerned, the grace clause could not avail, for the reason that the employer not only did not affirmatively elect to renew, but on the contrary decided and elected not to renew, with the result that the policy became annuled by mutual agreement.

1. Under the terms of a policy of group insurance, by which an employer was insured "for the term of one year" or "for the term of one year from the date of any renewal" of the policy, and which provided that the "employer may, on due notice to the company at each succeeding anniversary," "renew" the policy for a term of one year upon payment of the premium then due, "based upon such schedule of monthly premiums as may then be determined by the company," with the right expressly reserved by the company to decline to renew the policy on any such anniversary in the event that the number of employees insured should fall below "75 per cent. of those eligible for insurance at such anni-

versary," there was created a conditional but indeterminate contract of insurance for life, save only as to the contingency expressly authorizing cancellation. This is true for the reason that, except under the contingency provided, the employer, just as in any other policy of life insurance, was clothed with the absolute right to maintain the insurance from year to year upon payment by it of the rates as annually fixed by the insurance company. Upon such premiums being paid, the company was without power to abridge, impair, or curtail the nature, character, or extent of the protection afforded under the terms of the original policy, or to exclude from its protection any employee included in the payment of such renewal premiums. The nature of the contract here involved is similar to if not identical with what is known as term insurance. As to the validity of the grace clause with respect to term insurance, see Stinchcombe *v.* N. Y. Life Ins. Co., 46 Or. 316 (80 Pac. 213).

2. The provision in the policy that "a grace period of thirty-one days without interest charge will be granted to the employer for the payment of every premium after the first, during which period the insurance shall continue in force," remained operative unless and until the policy might be canceled by the company for the reason and under the right expressly reserved by it, or by the concurrent agreement of the parties thereto, or until the policy might be forfeited for the non-payment of premiums, or for other valid reason as provided by its terms. But such a stipulation for grace must necessarily be taken to apply to time indulgence in the payment of premiums due and owing under an existing, subsisting contract, and could have no application to a contract of insurance such as stated, if by mutual agreement of the contracting parties, or for other valid reason, it had already become canceled or inoperative, as at the end of a twelve-month period to which and for which premiums were paid. *Joiner* v. *Metropolitan Life Ins. Co.,* 43 *Ga. App.* 1 (157 S. E. 703). To hold otherwise would in effect mean that the payment of the correct amount of premiums for twelve months would entitle the insured to thirteen months of protection; whereas the purpose and intent of the grace clause was not to affect or diminish the amount of the premiums required, but merely to keep alive by preventing the forfeiture on account of the non-payment of premium, what

was otherwise an outstanding, valid policy. Accordingly, where the policy here involved, by mutual agreement of the parties, had been previously discontinued as on the date to which and for which premiums have been paid, every clause thereof, including the grace clause, became immediately inoperative. If the death of the assured had occurred before the cancellation date and within the grace period, the amount of the past-due unpaid premium would have been deductible from the amount of the death claim due under the policy; but where the death of the assured occurred subsequently to the date to which the premiums were paid, and subsequently to such a valid cancellation of the policy, there remained nothing on which the grace clause could operate. The ruling in *Prudential Ins. Co.* v. *Ferguson,* 51 *Ga. App.* 341 (180 S. E. 503), is not in conflict with what is here decided. In that case, the petition alleged that Ferguson had become totally and permanently disabled before the date that the company sought illegally to cancel his policy and to substitute a different contract, withdrawing disability benefits. It was the company alone which sought to cancel the policy, and that at a time when the benefits to which the assured was entitled had already accrued. The cancellation being illegal, and the policy remaining of force, the statement by this court that, even if the premium had not been paid at the date of disability, "the 31 days of grace provided for in the policy would have extended it," in no wise conflicts with the ruling as here made.

3. While one to whom a certificate is issued under a master or group policy of insurance is entitled to sue thereon in his own name (*Carruth* v. *Ætna Life Ins. Co.,* 157 *Ga.* 608, 617, 122 S. E. 226), the instant group or master policy is manifestly and by its express terms an agreement between the insurance company and the employer. Under its terms, the company looked exclusively to the employer for the payment of premiums; and it was the employer who it was provided "may, on due notice to the company at each succeeding anniversary hereof, renew the policy for the term of one year, provided renewal is not declined by virtue of the provision" relative to the number of employees insured falling below 75 per cent. of those eligible for insurance. Since it was only the employer who could renew, it likewise follows that it was only the employer who could discontinue the

policy; and the fact that the employee was not given . notice by the employer that such action would. be taken did not operate to keep alive the policy after it had been actually terminated by agreement between the contracting parties. Notice by the employer to the employee of the intended cancellation would have availed nothing, since the employee could not have assumed the position of the employer in continuing the policy in force.

4. The court did not err in directing the verdict in favor of the defendant.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

ON MOTION FOR REHEARING.

JENKINS, P. J. As in their original brief, counsel for the plaintiff in the court below have very strongly and very capably presented their contentions. They reiterate their argument, based on the case of Taylor *v.* Provident Life Insurance Co., 134 Fed. 932, in which the court held that the provision relative to the grace period was a grace month in fact as well as in name. In that decision the opinion of Chief Justice Fuller in McMaster *v.* N. Y. Life Insurance Co., 183 U. S. 25 (22 Sup. Ct. 10, 46 L. ed. 64), is quoted, to the effect that the insured is entitled to "one month of grace in addition, that is, to thirteen months immunity from forfeiture." The McMaster case did not involve a policy of group insurance; but we have dealt with this case in the first division of the opinion on the theory that in the present group policy the one-month period of grace would prevent a *forfeiture* up to the time when the policy might by agreement be actually canceled. In other words, it is our opinion, as before stated, that if the death of the insured had occurred before the date on which the policy had by agreement been canceled, and within the period provided for grace, protection would have been afforded under the policy, but the amount of the past-due and unpaid premiums would have been deductible from the amount of the death claim. But where, as here, the death of the insured occurred, not only subsequently to the date to which and for which the premiums were paid, but subsequently to such a valid cancellation of the policy, there remained nothing on which the grace clause could operate. In the Taylor case, supra, the question of cancellation seems to have turned on the fact that the mere statement of the insured to a local agent, who was not authorized to make, alter,

or discharge the contract, did not constitute a valid cancellation; whereas in this case the group policy was formally canceled by the employer, who under the terms of the policy was given the privilege to renew, and therefore the right to refuse to renew.

*Rehearing denied. Stephens and Sutton, JJ., concur.*