26553. THIGPEN, administrator, *v.* METROPOLITAN LIFE INSURANCE COMPANY.

Decided March 3, 1938.

406

*L. B. Hartley, W. K. Miller,* for plaintiff.

*Cohen & Cohen,* for defendant.

SUTTON, J. 1. The contracting parties in group insurance are primarily the employer and the insurer. *Curd* v. *Travelers Insurance Co.,* 51 *Ga. App.* 306, 310 (180 S. E. 249) ; *Johnson* v. *Metropolitan Life Insurance Co.,* 52 *Ga. App.* 759, 763 (3) (184 S. E. 392). "The certificate to the employee is an evidence of his coverage by the master policy. . . The line dividing the three parties to the contract, the employer, employees, and the insurance company, according to their interest and real position in these transactions, puts the employer with the employee as opposed to the insurance company." *Lancaster* v. *Travelers Ins. Co.,* 54 *Ga. App.* 718, 720, 724 (189 S. E. 79). "When procuring the policy, obtaining applications of employees, taking pay-roll deduction orders, reporting changes in the insurance group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but for their employees or for themselves." Boseman *v.* Connnecticut General Life Insurance Co., 301 U. S. 196 (57 Sup. Ct. 686, 81 L. ed. 1036, 110 A. L. R. 732).

2. The petition in the present case, while stating that the superior of the holder of the certificate under a group-insurance policy was an agent of the employer, in alleging that the superior was also the agent of the insurer pleads only a general conclusion, without any facts showing authority from the insurer for him to act as agent, and such conclusion is not admitted on demurrer. The allegations that he was agent for the insurer in collecting premiums and making remittances thereof, after delivering the cer-

408

tificate and having the employee to agree to pay the required amount due by him for protection, in making reports to the employer and to the insurer, and assuring him that his claim would be paid, after the employee had from time to time exhibited his body as proof of his disability, do not show that the superior was agent of the insurer with authority to waive formal proof of disability, as required by the certificate; but under the authorities cited above such acts must be deemed to be those of the employer, acting through their agent, the employee's superior. No requisite proof of disability having been alleged in the petition as a condition precedent to recovery, the petition did not set forth a cause of action, and the court did not err in sustaining the general demurrer.

*Judgment affirmed. Stephens, P. J., and Fellon, J., concur.*