## 33655. BLAYLOCK *v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

DECIDED OCTOBER 2, 1951.

*Hicks & Culbert,* for plaintiff.

*W. K. Meadow, Spalding, Sibley, Troutman & Kelley, Matthews, Owens & Maddox,* for defendant.

MACINTYRE, P. J. The question of primary importance for decision in this case is whether or not, under the evidence adduced upon the hearing of the traverse of the entries of service and the plea to the jurisdiction, the persons served, W. Y. Brown, Hudson Nix, and J. W. Ware Jr., or any of them, were such agents of The Prudential Insurance Company of America as are contemplated by Code § 22-1101, upon whom service of process could be legally served.

It is, of course, elementary under our law that a suit against the defendant insurance company could not be properly served in Floyd County, Georgia, unless the defendant had an agent or place of doing business in that county. Frank M. Akers Jr., the defendant's agency manager for North Georgia, in his deposition, which was introduced upon the hearing, testified that the defendant did not have any officers, agents, or place of doing business in Floyd County at the time of the attempted service; and he testified further that neither Brown, Nix, nor Ware was an agent of the defendant insurance company. The testimony of James C. Maloney, service consultant for the defendant insurance company's Group Policy Holder Service Division, was to the same effect in his deposition, which was introduced in evidence. Messrs. Brown, Nix, and Ware, each in his turn, stated that they were not agents of the defendant insurance company, but that they were full-time employees of The Celanese Corporation of America, and that each of them received his entire compensation from that corporation. Agency or no agency is a fact, and not a mere conclusion (*Scott* v. *Kelly Springfield Tire Co.,*

33 *Ga. App.* 297 (6) 125 S. E. 773; *Essig* v. *Cheves*, 75 *Ga. App.* 870, 876, 44 S. E. 2d, 712, *Shaw* v. *Jones*, 133 *Ga.* 446 (3) 66 S. E. 240; *Sankey* v. *Columbus Iron Works*, 44 *Ga.* 228) ; and, in the absence of evidence of circumstances, apparent relationships, and the conduct of the parties, establishing the contrary, neither Brown, Nix, nor Ware was an agent of the defendant insurance company to accept service of process.

From other evidence introduced, it appears that The Celanese Corporation of America operates some thirteen plants throughout the United States, one of which is the plant at Rome, Georgia, where the plaintiff was employed. The Celanese Corporation, by virtue of a contract between it and a labor union, furnishes its employees, without charge, insurance coverage for life, accidental death and dismemberment, hospitalization and surgery, and weekly sick benefits. In order to comply with this provision of its union contract, The Celanese Corporation carries group policies with the defendant insurance company. The contract of insurance is between the defendant insurance company and The Celanese Corporation. The entire premium is paid by The Celanese Corporation. All employees of the corporation at the Rome plant are automatically insured under the master group policy upon completion of six months of continuous employment by the corporation. When an employee begins work with the corporation, he is enrolled by the insurance department, a branch of the personnel department, of which Mr. Ware is section head; and when such employee has been with the corporation for six months, he is automatically insured and a certificate is issued to him by Mr. Ware, which states the benefits due such employee and also states that it is subject to the provisions of the master group policy. When a benefit accrues under any of the four policies, Mr. Ware provides the employee with a proper claim form and assists the employee in executing it. When the claim is in proper form, and if compensable as shown by the insurance manual furnished by the defendant insurance company, Mr. Ware draws a draft on the defendant insurance company, which is signed by either Mr. Nix, employment administrator, or Mr. Brown, personnel superintendent, and the claim is paid though the draft is subject to dishonor by the defendant insurance company. The claim and draft are checked by either Mr.

Brown or Mr. Nix after they have been prepared by Mr. Ware or some member of his office. Records are maintained on each employee and the corporation's accounting department is furnished with a report of the number of employees who are insured under the policy and with a record of all claims made under the policy. From these data the premium due for the annual insurance coverage is calculated. The Rome plant of the corporation has nothing whatever to do with the payment of the premiums.

"The contracting parties in group insurance are primarily the employer and the insurer. *Curd* v. *Travelers Insurance Co.*, 51 *Ga. App.* 306, 310 (180 S. E. 249) ; *Johnson* v. *Metropolitan Life Insurance Co.*, 52 *Ga. App.* 759, 763 (3) (184 S. E. 392). 'The certificate to the employee is an evidence of his coverage by the master policy. . . The line dividing the three parties to the contract, the employer, employees, and the insurance company, according to their interest and real position in these transactions, puts the employer with the employee as opposed to the insurance company.' *Lancaster* v. *Travelers Ins. Co.*, 54 *Ga. App.* 718, 720, 724 (189 S. E. 79). 'When procuring the policy, obtaining applications of employees, taking pay-roll deduction orders, reporting changes in the insurance group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but for their employees or for themselves.' Boseman *v.* Connecticut General Life Insurance Co., 301 U. S. 196 (57 Sup. Ct. 686, 81 L. ed. 1036, 110 A. L. R. 732)." *Thigpen* v. *Metropolitan Life Insurance Co.*, 57 *Ga. App.* 405, 407 (195 S. E. 591).

Under the foregoing evidence and rules of law, the trial court, sitting without a jury, was authorized to find that all of the services performed by Brown, Nix, and Ware, in connection with the issuance of insurance certificates to employees, adjusting claims under such certificates, and drawing drafts for the payment of claims under such certificates, were performed by them, as employees of The Celanese Corporation, for and on behalf of that corporation in its effort to comply with its union contract to furnish its employees with the insurance coverage specified in the union contract; and that none of such services was for and on behalf of the defendant insurance company;

and that, consequently, neither Brown, Nix, nor Ware was an agent of the defendant insurance company.

It follows that the trial court did not err in finding in favor of the traverse of the entries of service, in vacating and setting aside such entries, or in finding in favor of the plea to the jurisdiction and dismissing the case.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*