**Thomas SATERY, Appellant,**

v.

**GREAT AMERICAN RESERVE INSURANCE COMPANY, Appellee.**

No. 3254.

Court of Civil Appeals of Texas.

Waco.

April 21, 1955.

Rehearing Denied May 12, 1955.

Clark, Coon, Holt & Reed, Dallas, for appellant.

Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

McDONALD, Chief Justice.

This is an appeal from a summary judgment in favor of defendant Insurance Company. Parties will be referred to as in the Trial Court. The facts were agreed upon by the parties and are:

On 25 August 1953 defendant Insurance Company issued Mrs. Mildred Satery a $1,000 policy on her life, in which her two sons, plaintiffs herein, were named as beneficiaries. Premiums on this policy were paid through 25 October 1953. The laws of Texas provide for and the policy contained a provision that a grace period of 31 days will be allowed for the payment of

each premium and during which time the policy will remain in full force and effect.

Prior to *6 November 1953* and during the grace period of the policy Mrs. Satery advised the agent of defendant that she could not continue the policy and desired to drop it. The agent then prepared a letter to the defendant Company which she signed, which stated: *"I wish to drop my life insurance under the above policy number."*

Mrs. Satery signed the above letter as her voluntary and gratuitous act and she was not asked to sign said letter and was not given anything of value for signing it. Defendant Insurance Company received the letter on 6 November 1953 and on 12 November 1953 M. J. Spence, an employee of defendant Insurance Company, wrote Mrs. Satery a letter which stated: *"As you requested; your life policy was permitted to lapse on 25 October 1953."* This letter was mailed to Mrs. Satery at her address.

Mrs. Satery died an accidental death on 14 November 1953.

Demand was made by plaintiffs, the beneficiaries of the policy, for payment thereof, and defendant Insurance Company denied liability under the policy. Plaintiffs sued on the policy and on the foregoing facts the Trial Court entered summary judgment that plaintiffs take nothing.

Plaintiff appeals, contending that the Trial Court erred in rendering judgment for defendant because: 1) Article 3.44, Insurance Code, V.A.T.S., and the grace period clause in the policy contract as required by Article 3.44 prohibit rescission, cancellation or waiving of the grace period. 2) The stipulated facts showed that there was no intention by either party to cancel the life insurance policy or to waive any rights thereunder which had accrued. 3) No valuable consideration passed from defendant Insurance Company to the insured for cancelling or waiving of the grace period.

The real question before this court is the legal effect of the two letters noted. But for these letters, defendant is unquestionably liable. Kansas City Life Ins. Co. v. Elmore, Tex.Civ.App., 249 S.W. 869. Succinctly stated, we have a situation wherein the insured died during the grace period of the policy. If no further facts appeared the Insurance Company would be liable. In the case at bar, however, the insured wrote a letter to the Company stating she desired to *drop* the policy; the Company replied that in accordance with her request they were *lapsing* the policy as of the date to which premiums had been paid. The controlling question is: Can the Insured and the Insurance Company by *mutual* agreement (unsupported by a valuable consideration) terminate the policy so as to waive or do away with the grace period provided for therein and provided for by the Statutes of the State of Texas?

This is a case of first impression in Texas, and involves the *true nature* of the grace period requirement that the Legislature has required be in all policies of life insurance. Article 3.44 of the Insurance Code, V.A.T.S., provides that no policy of life insurance shall be issued unless it provides for a grace period of at least one month for the payment of every premium after the first—during which month the insurance shall continue in force. The policy in the case at bar, in accordance with the foregoing statutory provision, provided *a grace period of 31 days without interest for the payment of each premium after the first, and during which time the policy would remain in full force.*

Generally, provisions made by statute for the benefit of policyholders have been held to constitute safeguards, which, as a matter of public policy, the Legislature has seen fit to throw around them, in all their relationships with insurers, *and which therefore may not be waived in any manner or by any device whatsoever,* contemporaneous or subsequent, since such a practice would result in nullification of the statute, destruction of its protection,

and a return to the footing which, before the enactment of the statute, was considered unequal. 9 A.L.R.2d 1437.

In Gardner v. Universal Life & Accident Ins. Co., Tex.Civ.App., 164 S.W.2d 582, W/E Dis., the insurance company provided in its policy contract for a *4 weeks* grace period. The insured died after the *4 weeks grace period* had expired but prior to *31 days* after the date to which the last premium had been paid. The court here held that the insurance company cannot, even with the agreement of the insured, *contract* for a different grace period than that required by the statute. The court held the 4 weeks grace period provision of the policy void as contrary to the provisions of the statute granting a grace period of one "month", and permitted recovery on the policy.

Southern Travelers Ass'n v. Cole, Tex. Civ.App., 45 S.W.2d 675, 678, W/E Dis., presents a closely analogous fact situation. Here the court held that a contract of insurance between the insured and company, which provided a shorter period of limitation for filing of a suit under the policy than was prescribed by statute, was void, and the insured's beneficiary had the full time authorized by the Texas statute to file suit. The court there said that where the contract of the parties contravenes the statute, *"the legislative mandate is dominant and must prevail."*

Our Supreme Court has held that the parties to a contract of insurance cannot by contract put something into the policy which is repugnant to the mandatory statute, and thus destroy a *benefit* to the insured which the statute was designed to guarantee. American Nat. Ins. Co. v. Tabor, 111 Tex. 155, 230 S.W. 397; Hatch v. Turner, 145 Tex. 17, 193 S.W.2d 668. In the case at bar, if Mrs. Satery, the insured, after the exchange of letters with the defendant Insurance Company but within the 31 day grace period, had changed her mind and tendered the Company the next premium, the Company would have been required to accept the premium and continue her insurance in

force. Since our statute states specifically that a policy of insurance shall be in full force and effect during the grace period of one month—and since our courts have determined that this provision was for the protection of policyholders—and that an insurance company could not validly contract in advance for a shorter grace period than that provided by statute, it necessarily follows that the policyholder cannot waive the grace period required by statute subsequent to the making of the contract without such waiver being supported by a valuable consideration.

In Provident Savings Life Assur. Soc. v. Taylor, 142 F. 709, 713, the precise question here involved was passed on by the 3rd U. S. Circuit Court of Appeals as follows:

"There remains to consider * * * whether the assured's declaration to the company's agent on January 22 or 23, 1904, that he did not intend to continue the policy, was a waiver of the grace and terminated his rights under the policy. This declaration of the assured was without consideration, and was not binding upon him. Notwithstanding what he had said, he could still have paid or tendered before the expiration of the 30 days the premium, and the company would have had no legal right to refuse it."

The case at bar is much stronger, moreover, than the Provident case, supra, because the court in that case was concerned only with a contractual grace period contained in the policy of insurance. In the case at bar we are concerned with both a contractual grace period contained in the policy, and a *mandatory grace provision* made a part of the insured's contract by our Legislature.

Defendant Insurance Company herein cites Johnson v. Metropolitan Life Ins. Co., 52 Ga.App. 759, 184 S.E. 392; Davis v. Metropolitan Life Ins. Co., 161 Tenn. 655, 32 S.W.2d 1034, 1035; and Kimbal v. Travelers Ins. Co., 151 Fla. 786, 10 So. 2d 728, as supporting the proposition that the parties can mutually agree to terminate

the contract of insurance and waive the grace period. All three of the foregoing cases involve *group insurance* in which the contract was between the *employer* and the *insurance company,* and in each case the *employer* cancelled the group policy. We do not believe these cases are applicable to the case at bar because they are cases in which the insured was not a party to the contract of insurance and his rights thereunder were subject to continuance of the policy by the employer. Moreover, the cases are further not applicable here since there was no *statutory provision* requiring the grace period in the states involved where these cases were decided.

■ Further to all that has been said, we do not believe from the letter written by the insured to the Company, that she intended to waive any benefit or rights she might have under the policy or under the grace clause provision thereof. She said: *"I wish to drop my life insurance".* It cannot be conceived that she intended to waive or surrender any right she might have had *already accrued* under the policy. We believe that she merely advised the Company that she was not intending to pay any more premiums on the policy. That being the situation, there was no agreement on her part to waive any right already accrued to her.

■ We hold that the grace period of one month as contained in this policy and as required by the Statutes of the State of Texas is a *safeguard* for the *insured,* which public policy as evidenced by our Legislature has decreed be included in the contract of insurance between the insured and the insurance company. It cannot be nullified in advance by the parties to the insurance contract, nor can it be waived subsequently by mutual consent of the parties, unsupported by consideration.

The two letters in evidence in the case at bar are without legal effect on the rights of the parties in the factual situation here presented. The letters, at best, present an attempt by mutual agreement of the parties to waive the grace period written into our policies of life insurance by statute

by our Legislature. We believe that the legislative mandate is dominant and must prevail.

From the foregoing it follows that the summary judgment rendered for the defendant Insurance Company should *not* have been granted, and that the cause must be reversed and remanded to the Trial Court for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.