A94A2020. PONDEROSA COLLECTIONS, INC. v. FRADY et al.
(455 SE2d 346)

RUFFIN, Judge.

We granted this application for discretionary review filed by Ponderosa Collections, Inc. ("Ponderosa") from the superior court's affirmance of an award entered by the State Board of Workers' Compensation.

Ponderosa obtained workers' compensation insurance from Aetna Casualty & Surety Company ("Aetna") for the period of November 28, 1989 to November 28, 1990. Prior to the policy's expiration, Aetna sent a renewal notice to Ponderosa. Ponderosa paid the first installment, and the policy was renewed for the period of November 28, 1990 to November 28, 1991. On September 9, 1991, Aetna sent notice to Ponderosa that the current policy would expire on November 28, 1991, and that if the total estimated premium was received by November 28, 1991, the coverage would remain in effect. Ponderosa, denying receipt of the notice, did not make the payment, and on December 4, 1991, Aetna notified the National Conference on Compensation Insurance that effective November 28, 1991, the policy was not renewed. On March 16, 1992, Ponderosa employee Wanda Frady sustained a work-related injury for which Aetna denied coverage. Finding coverage did not exist at the time of the injury, the ALJ issued an award dismissing Aetna as a party to the claim. The full board adopted the ALJ's award and the superior court affirmed.

1. Ponderosa asserts the ALJ, full board and superior court erred by failing to acknowledge that it was deceived by Aetna concerning coverage renewal and was led to believe it had coverage on the date of Frady's injury. On one occasion relied on in support of this argument, Aetna notified Ponderosa it had cancelled the policy because Ponderosa failed to pay an audit premium, then reinstated coverage one

week later when arrangements to pay the premium were made.

Relying on *Travelers Ins. Co. v. Adkins*, 200 Ga. App. 278 (4) (407 SE2d 775) (1991), Ponderosa apparently argues that Aetna's failure to cancel the policy as originally noticed, resulted in a mutual departure by the parties from the terms of the policy such that Aetna could not insist on payment of the renewal premium within the time demanded. In *Travelers*, this court applied the "any evidence" standard and found that evidence that the insurer cancelled the policies in question on three separate occasions for non-payment of premiums, then reinstated the policies when the premiums were paid, was sufficient to support the board's finding that there was a mutual departure by the parties from the terms of the policy. Id. at 282.

In the context of this case, the issue of whether there was such a mutual and intended departure so as to make a new agreement was for the full board to decide. Id. If there is any evidence to support the full board's determination that the terms of the written policy are controlling, then that determination is conclusive and binding. Id. The record shows that when Aetna renewed Ponderosa's policy in the past, it received payment of the renewal premium within the time demanded. Furthermore, with the exception of the single instance in which Aetna cancelled for failure to pay the audit premium, it always demanded and received payment in a timely manner. This is some evidence that the parties did not intend to depart from the terms of the written policy.

In further support of its argument, Ponderosa contends that throughout its coverage, the parties engaged in a pattern of conduct in which it was warned and reminded of significant dates under the policy, such as premium due dates; that it justifiably relied on such warnings; and that the failure to warn of the non-renewal was a wrongful departure from that pattern. Ponderosa argues that since nobody contacted them to remind them the renewal payment was due, they were deceived into believing there was no problem with the policy. Ponderosa does not cite and we are aware of no authority that supports the argument that an insurer is obligated to remind an insured that renewal premiums are due.

Finally, Ponderosa argues that because it received a letter in January 1992 containing the salutation "Dear Policyholder," it reasonably believed it still had coverage. The letter was a request to pay the final audit premium for the previous year's policy and was attached to a copy of that policy. This is some evidence upon which the full board could rely in rejecting Ponderosa's argument that it was deceived by the letter. Id. Accordingly, we find no error.

2. In three separate enumerations of error, Ponderosa asserts the ALJ, board and superior court erred in ruling that Aetna was not required to provide it with notice of policy "termination." While

Ponderosa generally argues such notice should be required as a matter of public policy, the only authority relied on is OCGA § 33-24-44, which generally requires an insurer to provide written notice to the insured prior to *cancelling* a policy. "Inasmuch as the expiration or lapse of a policy does not constitute a cancellation, OCGA § 33-24-44 is inapplicable. . . ." *Goodley v. Fireman's Fund American Life Ins. Co.*, 173 Ga. App. 277, 278 (1) (326 SE2d 7) (1985). In this case it is uncontroverted that the policy was not cancelled but expired at the end of the term, and no payment was made to renew the policy. Under these circumstances we find the expiration did not constitute a termination requiring notice. See id. Accordingly, these enumerations are without merit.

3. Finally, Ponderosa argues that since the board based its award on erroneous conclusions, the superior court erred by failing to reverse the award. "If a finding of fact by the Board is supported by any evidence, it is conclusive and binding upon the superior court and this court. [Cit.] There is more than ample evidence to support the award." *Atlanta Hilton &c. v. Gaither*, 210 Ga. App. 343, 347 (2) (436 SE2d 71) (1993).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 13, 1995.

*Horace E. Campbell, Jr.,* for appellant.

*Winslow H. Verdery, Jr., Shivers, Johnson & Wilson, Jerome J. Stenger, Terry R. Drugan,* for appellees.