# Court of Appeals
# of the State of Georgia

ATLANTA,___June 15, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16D0383.    BREMAN   BOWDEN   INVESTMENT   COMPANY   et al. v. TRACEY COX.

Breman Bowden Investment Company and its workers' compensation insurer seek to appeal an adverse workers' compensation decision. The record shows that after the Appellate Division of the State Board of Workers' Compensation (the "Board") affirmed the award of benefits to Tracey Cox, Breman Bowden filed a timely notice of appeal to the superior court, but no hearing was held in the superior court.  We lack jurisdiction.

OCGA § 34-9-105 (b) provides, in relevant part, that "if the court does not hear the case within 60 days of the date of docketing in the superior court, the decision of the board shall be considered affirmed by operation of law. . . ." It is the appellant's burden to ensure that either a hearing is scheduled within the 60 day period or an order is entered on a decision within that period. See *Coronet Carpets v. Reynolds*, 199 Ga. App. 383, 384 (405 SE2d 103) (1991). Here, because the appeal was docketed on January 26, 2016, and the 60th day therefore fell on a weekend, the decision was affirmed by operation of law on Monday, March 28, 2016.  This is the date that controls for purposes of filing a timely application for appeal.  See OCGA § 34-9-105 (d); *Travelers Insurance Co. v. Adkins*, 200 Ga. App. 278 (407 SE2d 775) (1991).

In order for this Court to have jurisdiction, we must have a timely filed application for discretionary appeal. *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  An application is timely if it is filed within 30 days of the entry of the order the applicant seeks to appeal. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582

(420 SE2d 393) (1992). Thus, Breman Bowden had to file its application within 30 days of March 28, 2016, the date that the Board's decision was affirmed by operation of law. Its application – filed on May 18, 2016– is untimely. Accordingly, this application for discretionary appeal is hereby DISMISSED for lack of jurisdiction. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/15/2016
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*